**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. ____1:20-cv-00665____

RAMEDO J. VILLAFON,

    Plaintiff,

v.

AUDIT SYSTEMS, INC.,

    Defendant.

## COMPLAINT

NOW comes RAMEDO J. VILLAFON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AUDIT SYSTEMS, INC., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §139 as Defendant conducts business in the District of Colorado and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Pueblo, Colorado, which is within the District of Colorado.

5. Defendant advertises itself as a "highly respected and successful collection agency."[1] Defendant is a corporation organized under the laws of the State of Florida with its principal place of business located at 3696 Ulmerton Road, Suite 200, Clearwater, Florida 33762. Defendant engages in collection activities in several different states, including the State of Colorado.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a defaulted debt incurred for the purchase of personal medical equipment ("subject debt") that Plaintiff purportedly owes to Pacific Pulmonary Services ("PPS").

8. Around November 2019, Defendant began placing collection calls to Plaintiff's cellular phone in order to collect upon the subject debt.

9. Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

10. Upon information and belief, Defendant was seeking to collect an outstanding balance of $316.92 on the subject debt.

---

[1] http://auditsystemsinc.net/aboutus

11. On at least one occasion, Plaintiff informed Defendant of his inability to address the subject debt, which prompted Defendant to mock Plaintiff for lacking the resources to make a payment.

12. Defendant's harassing debt collection campaign caused Plaintiff to demand that Defendant provide him with validation of the subject debt. Plaintiff also demanded that Defendant cease calling him.

13. In response to Plaintiff's demands, Defendant stated that it would continue placing collection calls to Plaintiff's cellular phone despite Plaintiff's request that the calls cease.

14. Moreover, upon information and belief, Defendant has not mailed a "dunning" notice to Plaintiff as required by 15 U.S.C. § 1692g.

15. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, and aggravation.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692d

23. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

24. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted when Defendant mocked Plaintiff for his inability to make a payment. Defendant's goal in disrespecting Plaintiff was to embarrass him in order forcefully extract payment.

### b.  Violations of FDCPA § 1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to state that it could and would continue to place collection calls to Plaintiff's cellular phone despite Plaintiff's demands that it cease calling him. Consequently, Defendant falsely represented that it could continue to attempt to call Plaintiff regardless of his request.

4

### c. Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to use personal attacks to assault Plaintiff in its debt collection campaign. Any reasonable fact finder will conclude that Defendant's verbal assault was an unfair and unconscionable effort to collect upon the subject debt.

### d. Violations of FDCPA § 1692g

30. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor."

31. Defendant violated § 1692g by failing to provide the written information required within five days after the initial communication with Plaintiff.

32. As pled in paragraphs 15 through 17, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RAMEDO J. VILLAFON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury**

Dated: March 10, 2020                              Respectfully submitted,

/s/ Omar T. Sulaiman
/s/ Marwan R. Daher
/s/ Alexander J. Taylor
Omar T. Sulaiman, Esq.
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 150
Lombard, IL 60148
Telephone: (630) 575-8181
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*